J-S14041-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEROY GRIFFIN, | : | |
| | : | |
| Appellant | : | 1359 MDA 2016 |

Appeal from the PCRA Order August 2, 2016
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000312-2002

BEFORE:    GANTMAN, P.J., SHOGAN, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 17, 2017**

Leroy Griffin (Appellant) appeals *pro se*[1] from the August 2, 2016 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order denying the *pro se* PCRA petition.  We remand for the PCRA court (1) to appoint counsel to assist Appellant, including, if necessary, filing an amended PCRA petition on

---

[1] Appellant filed *pro se* an application for relief to this Court on October 31, 2016, wherein he requested, *inter alia*, appointment of counsel to represent him on appeal.  On November 21, 2016, this Court denied Appellant's application based upon the PCRA court's indication in its Pa.R.A.P. 1925(a) opinion that Appellant was appealing his third PCRA petition.  Appellant filed an application for reconsideration on December 6, 2016.  On December 31, 2016, this Court granted reconsideration, vacated the November 21, 2016 order denying counsel, and deferred the application to the merits panel. Due to our disposition today, we deny Appellant's application as moot.

*Retired Senior Judge assigned to the Superior Court.

Appellant's behalf or a ***Turner/Finley***[2] petition to withdraw and (2) to rule on the merits of Appellant's petition in accordance with the procedures in Pa.R.Crim.P. 907 and 908.

"This case has a convoluted procedural history." ***Commonwealth v. Griffin***, 60 A.3d 233 (Pa. Super. 2012) (unpublished memorandum at 2) (***Griffin IV***). We refer to our prior memoranda for a complete factual and procedural history. ***See Griffin IV***; ***Commonwealth v. Griffin***, 4 A.3d 672 (Pa. Super. 2010) (unpublished memorandum); ***Commonwealth v. Griffin***, 935 A.2d 11 (Pa. Super. 2007) (unpublished memorandum); ***Commonwealth v. Griffin***, 873 A.2d 767 (Pa. Super. 2005) (unpublished memorandum).

For the purposes of this memorandum, we note only the following. Appellant was sentenced on October 29, 2002 to an aggregate term of 11 to 28 years' imprisonment. Appellant subsequently filed a series of appeals and PCRA petitions. "On July 23, 2009, the PCRA court reinstated Appellant's right to a direct appeal. Appellant appealed and this Court affirmed the judgment of sentence on June 2, 2010." ***Griffin IV*** at 3 (citation omitted). On February 18, 2011, Appellant filed *pro se* a PCRA petition, which the PCRA court denied. On appeal, this Court observed that "a PCRA petition brought after an appeal *nunc pro tunc* is considered [to be an] appellant's first PCRA petition." ***Id.*** (citing ***Commonwealth v.***

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

***Figueroa***, 29 A.3d 1177, 1181 (Pa. Super. 2011)). The Court further observed that "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Id.*** (citing ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011)). Because the PCRA court denied Appellant's petition without appointing counsel for him, or ensuring that he knowingly and voluntarily waived his right to counsel, this Court vacated the order denying Appellant's *pro se* PCRA petition and remanded

> for the court to appoint counsel to file an amended PCRA petition on behalf of Appellant, or a petition to withdraw from representation and brief pursuant to ***Turner/Finley***, or conduct a proper colloquy if Appellant chooses to waive his right to counsel. If counsel files a ***Turner/Finley*** petition and the court grants it and intends to dismiss the *pro se* PCRA petition, the court shall issue a Pa.R.Crim.P. 907 notice and notify Appellant of his right to appeal.

***Id.*** at 4 (internal footnote omitted).

On remand, the PCRA court appointed counsel, but in response to Appellant's motions requesting to proceed *pro se*, the PCRA court conducted a ***Grazier***[3] hearing on September 20, 2012. During the hearing, Appellant testified he wished to proceed *pro se* and requested transcripts of certain prior proceedings. The PCRA court stated that it would not conduct a hearing on Appellant's February 18, 2011 PCRA petition until Appellant received the transcripts, due to the PCRA court's belief that without the

---

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988).

transcripts, Appellant would not be adequately prepared to represent himself. N.T., 9/20/2012, at 21. The PCRA court directed that transcripts of the September 20, 2012 and March 30, 2009 proceedings be sent directly to Appellant and instructed Appellant to file a motion for a PCRA hearing within 30 days of receipt of the transcripts. Order, 9/20/2012. The PCRA court also relieved Attorney Henry Fenton from his representation of Appellant and excused him from appearing at the PCRA hearing unless Appellant indicated in his motion that he wished for Attorney Fenton to serve as standby counsel. *Id.*

The record indicates that the court reporter produced the transcript of the September 20, 2012 hearing, but, despite the court's order, served it upon Attorney Fenton instead of Appellant. Notice of Lodging of Transcript of Record, 10/10/2012. There is no indication from the record that the court reporter ever produced or served the transcript of the March 30, 2009 proceedings upon Appellant.

The case largely lay dormant until May 2, 2016, when Appellant filed *pro se* a motion requesting, *inter alia*, a hearing "as order [*sic*] on September 20, 2012." PCRA Petition, 5/2/2016, at 1. Although the motion is difficult to decipher, Appellant also appears to have asserted that his trial counsel was ineffective for waiving the recording of *voir dire* of the jury and for the manner in which the trial counsel conducted the *voir dire*. *Id.* at 1-2. Appellant also alleged that the victim recanted her testimony at some

undetermined point. *Id.* Finally, Appellant requested assistance of counsel. *Id.* at 4. The PCRA court contended that Appellant's motion was a third PCRA petition and issued a Rule 907 notice of intent to dismiss the petition without a hearing due to the petition's alleged untimeliness and Appellant's failure to plead an exception to the time bar. Order, 5/5/2016. The PCRA court did not address Appellant's request for counsel. *See id.* Appellant responded by arguing that the May 2, 2016 petition was not his third because the PCRA court had never ruled on his February 18, 2011 PCRA petition.[4] Response to Rule 907 Notice, 5/19/2016. He reiterated his request for counsel. *Id.* Nevertheless, the PCRA court dismissed Appellant's petition *via* final order dated August 1, 2016. Order, 8/1/2016.

Appellant timely filed *pro se* a notice of appeal. The PCRA court ordered Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). *See* Order, 8/18/2016, at 1. Appellant did so.[5] *See* Concise Statement, 8/31/2016. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

---

[4] Appellant also submitted a supplement to his response, docketed on July 27, 2016.

[5] The PCRA court asserts Appellant did not file a concise statement pursuant to Pa.R.A.P. 1925 as ordered in its August 18, 2016 order and urges us to hold that Appellant waived all issues on appeal. *See* Order, 10/11/2016, at 1. However, a concise statement dated August 31, 2016, appears in the record with a date stamp indicating it was docketed on October 11, 2016, the same day as the PCRA court's Pa.R.A.P. 1925(a) opinion. According to the August 18, 2016 order, the due date for the concise statement was September 8, 2016. Appellant certified in his certificate of service that he served the concise statement on the PCRA court on August 31, 2016 *via* the United States postal service. The postage stamp on the envelope

- 5 -

First, we have to determine whether Appellant's May 2, 2016 petition is a new petition or an amendment relating back to Appellant's timely-filed February 18, 2011 petition, previously deemed to be his first. "Pennsylvania law vests PCRA courts 'with discretion to permit the amendment of a pending, timely-filed post-conviction petition....'" ***Commonwealth v. Swartzfager***, 59 A.3d 616, 620-21 (Pa. Super. 2012) (citing ***Commonwealth v. Flanagan***, 854 A.2d 489, 499 (Pa. 2004)). Subsequent amendments do not need to raise the same issues as the initial filing. ***See id.*** at 499-500. "Rather, the prevailing rule remains simply that amendment is to be freely allowed to achieve substantial justice." ***Id.*** at 500.

In the absence of a final ruling on a timely-filed first PCRA petition, it is proper to treat a subsequent petition for post-conviction relief as an amendment to the first timely-filed petition. ***See Commonwealth v. Sepulveda***, 144 A.3d 1270, 1280 (Pa. 2016) (approving the liberal amendment policy of Pa.R.Crim.P. 905(A) so long as a PCRA petition is still pending before the PCRA court at the time the request for amendment is made); ***Commonwealth v. Williams***, 828 A.2d 981 (Pa. 2003) (holding

accompanying the filing of the concise statement in the PCRA court indicates a mailing date of October 6, 2016, almost a full month after its due date. Under the "prisoner mailbox rule," we will deem the statement as filed on the date the appellant presents it to prison authorities for mailing. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011). This date is not clear from the record. Although Pa.R.A.P. 1925(c) permits us to remand to determine whether the 1925(b) statement was timely filed and/or served, we decline to remand on this basis or find waiver because of our holding that the PCRA court erred in failing to appoint counsel for Appellant.

that because the PCRA court never ruled on the petitioner's motion to withdraw his first PCRA petition, a subsequent PCRA petition constituted an amendment to a timely-filed first petition); **Flanagan**, 854 A.2d at 499 (holding that since the original PCRA petition filed in 1988 was never withdrawn or dismissed, the PCRA court properly declined to treat a subsequent petition and motion for a hearing filed eleven years later as a "serial, post-conviction petition which would be independently subject to the PCRA's one-year time limitation"); **Swartzfager**, 59 A.3d at 620-21 (construing *pro se* PCRA petition filed in 2011 as an amendment to petitioner's "still open and timely-filed" 2001 PCRA petition).

In the instant case, the record indicates the PCRA court never conducted a hearing regarding Appellant's February 18, 2011 PCRA petition or entered an order disposing of the petition, as this Court directed in its May 4, 2012 remand order.[6] Therefore, we conclude that the February 18, 2011 petition is still pending and Appellant's May 2, 2016 filing relates back to his timely-filed February 18, 2011 petition. **See Williams**, **Flanagan**, and **Swartzfager**.

Because the PCRA court should have treated Appellant's petition as an amendment to his timely-filed February 18, 2011 petition, which was

---

[6] We also note that the PCRA court contemplated that two transcripts would be served directly to Appellant prior to his moving for a hearing. Order, 9/20/2012. The record indicates that the March 30, 2009 hearing was never transcribed and neither of the transcripts mentioned in the September 20, 2012 order was served directly on Appellant.

deemed to be an initial petition by virtue of the reinstatement of his appeal rights *nunc pro tunc*, the PCRA court should have appointed counsel for Appellant if he was financially eligible. **See Figueroa**, 29 A.3d at 1181.

We are cognizant that the PCRA court had already conducted a **Grazier** hearing on September 20, 2012 in relation to Appellant's February 18, 2011 PCRA petition. However, after reviewing the transcript from that hearing, we hold that the PCRA court's colloquy of Appellant was deficient. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) ("[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake.").[7] This Court has stated the following regarding the components of a proper colloquy.

> [I]f a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f). A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [in a PCRA petition], they may be lost permanently.

**Commonwealth v. Robinson**, 970 A.2d 455, 459-60 (Pa. Super. 2009).

---

[7] We note that "this Court 'is not required to consider, nor shall we, whether [a petitioner] … is indigent.'" **Stossel**, 17 A.3d at 1288 n.3 (citation omitted).

During the colloquy, Appellant's PCRA counsel and the PCRA court focused upon Appellant's prior representation of himself and the number of attorneys he has had in this matter.[8]  N.T., 9/20/2016, at 7-9, 13-15. However, the questioning by Appellant's counsel and the PCRA court failed to ascertain specifically whether Appellant understood that counsel would be familiar with the applicable rules and if he forewent counsel, that he would still be bound by such rules; that counsel may be aware of possible defenses and if Appellant did not raise those defenses in a PCRA petition he may lose them permanently; that Appellant has certain rights, and if he did not assert those rights in a timely fashion, he may lose them permanently; and that Appellant must timely object to errors and if he does not do so, he cannot raise the errors later.  Thus, even if Appellant did not request new counsel in his May 2, 2016 filing, we would be bound to remand for appointment of counsel or a waiver colloquy that satisfies Pa.R.Crim.P. 121.  **See Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1998) ("The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel.").

---

[8] For example, the PCRA court told Appellant, "Now, [Appellant], look, you have been through a number of attorneys."  N.T., 9/20/2012, at 9.  Later in the hearing, he queried the prosecutor and PCRA counsel regarding the names of Appellant's prior attorneys and stated "[s]o now we are up to about five lawyers – cause I want this record – I will be glad to send this to the Superior Court, I want them to see all the work we have done."  N.T., 9/20/2012, at 13-14.  The number of Appellant's prior attorneys is neither relevant to his right to represent himself nor the inquiry required by Rule 121 to permit him to do so.

In light of the foregoing, we vacate the PCRA court's August 2, 2016 order denying Appellant's *pro se* petition and remand for further proceedings. The PCRA court shall first appoint counsel to assist Appellant (which may include filing another amended petition or a petition to withdraw pursuant to **Turner/Finley** as necessary), and then proceed to rule on the merits of Appellant's claims pursuant to Pa.R.Crim.P. 907 and 908.

Order denying PCRA relief vacated. Case remanded for proceedings consistent with this memorandum. Appellant's application for counsel to represent him on appeal denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017